39

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 2 5 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| GUSTAVO ALMAGUER, | § | |
| Petitioner | § | |
| v. | § | CIVIL ACTION NO. B-98-002 |
| WAYNE SCOTT, | § | |
| Respondent | § | |

**FINAL JUDGMENT**

BE IT REMEMBERED that on October 19, 2000, the Court **DISMISSED** the Petitioner's, Gustavo Almaguer, 28 U.S.C. § 2254 habeas corpus petition because it was tendered to prison officials for mailing on December 31, 1997, after the Antiterrorism and Effective Death Penalty Act (AEDPA) limitation period had passed on December 24, 1997.

I. **Procedural History**

This Court received Almaguer's 28 U.S.C. § 2254 petition for habeas corpus on January 7, 1998 [Dkt. No. 1]. On June 24, 1998, the Court entered an order adopting the report and recommendation of United States Magistrate Judge John W. Black [Dkt. Nos. 7 and 10]. The Court concluded that Almaguer's habeas corpus petition was time-barred because it was filed on January 7, 2000, the date the petition was received by the Clerk's Office. A habeas corpus petition is time-barred if it is not filed within one year from when the petitioner's conviction becomes final, unless one of the tolling provisions of 28 U.S.C. § 2244(d)(1) apply. See 28 U.S.C. § 2244(d)(1). The period during which a petition for state habeas relief is pending is not included in calculating the limitations date. See 28 U.S.C. § 2244(d)(2). Taking into account the facts of this case, the petition had to be filed on or before December 24, 1997 to be timely under 28 U.S.C. § 2244(d).

1

Approximately one month after this Court dismissed the habeas petition, the Fifth Circuit ruled as a matter of first impression that a petition is considered "mailed" for purposes of AEDPA's limitation period when an incarcerated petitioner tenders the petition to prison officials for mailing. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998). Thereafter, on April 16, 1999, the Court held an evidentiary hearing to determine when the Almaguer tendered his petition to prison officials for mailing. At the hearing, Almaguer claimed that he tendered his petition for mailing shortly after he signed it on December 22, 1997, however, he could not specify the exact date on which he allegedly tendered the document. In addition, Almaguer stated that he had no corroborating evidence to support his assertion, nor could he obtain corroboration if given the opportunity to do so. On the other hand, counsel for the Respondent stated that the prison mail log indicated that the only mail tendered to prison officials by Almaguer between December 15, 1997 and January 10, 1998 was logged on December 31, 1997 [Dkt. No. 14]. Based on the aforementioned evidence, the Court ruled "that the petition having been received for mailing on December 31, 1997 by the prison officials pursuant to the daily log, it's the Court's conclusion that this petition is time-barred." Inadvertently, the Court never entered a written order reflecting its oral ruling on the timeliness of the petition in light of Spotville v. Cain.

The Court granted Almaguer's request for a certificate of appealability on July 22, 1999 [Dkt. No. 33]. The Court later issued an amended certificate because the original certificate had not specified the issue which the Court considered appealable. The Fifth Circuit could not obtain jurisdiction over the appeal without a more specific ruling. See Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998). In the amended certificate, the Court, despite its earlier oral ruling based on Spotville v. Cain, inadvertently referred to the date when the petition was mailed instead of to the date when it was tendered to prison officials for mailing. The Fifth Circuit then entered an order vacating this Court's judgment, and remanding the case so this Court could "determine the date that Almaguer delivered the petition to prison officials for mailing" [Dkt. No. 37 and 38].

2

II       **The Petitioner's habeas corpus petition is not moot because he is no longer in custody and has been deported**

It has come to the Court's attention that Almaguer was released from state prison on June 2, 2000, and was then deported by the Immigration and Naturalization Service. Almaguer's claims are not mooted by the "in custody" requirement of 28 U.S.C. § 2254 or Article III's case or controversy prerequisite. Almaguer meets the mandate of Section 2254 because he was incarcerated when his petition was filed. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). Furthermore, Almaguer's claims meet constitutional muster because there are concrete legal impediments that flow from his conviction. These collateral consequences create a presumption that his claims are not moot. See Spencer, 523 U.S. at 7-8 (1998); U.S. v. Suleiman, 208 F.3d 32, 38 (2nd Cir. 2000); Max-George v. Reno, 205 F.3d 194, 196 (5th Cir. 2000). See also 8 U.S.C. § 1182(a)(9)(A).

III.     **Almaguer's habeas corpus petition is time-barred because he did not deliver the petition to prison authorities for mailing on or before December 24, 1997**

This Court ruled that Almaguer presented his habeas corpus petition to the prison authorities for mailing on December 31, 1997 at its evidentiary hearing on April 16, 1999, and, therefore, his petition was untimely.[1] Unfortunately, this ruling was not memorialized in writing and was incorrectly referenced in the Court's amended certificate of appealability. Therefore, the question presented to this Court on remand from the Fifth Circuit – when the petition was presented to prison officials for filing – has already been answered. The Court therefore **DISMISSES** Almaguer's petition for habeas corpus based on its April 16, 1999 ruling that it is untimely. The Petitioner is not prejudiced by this ruling, although he is no longer within the Court's jurisdiction, because it does no more than correct a mistake and memorialize the Court's prior ruling at a hearing where the Petitioner had a full opportunity to be heard and present evidence.

---

[1] See supra Section I of this order.

IV. **Certificate of appealability**

AEDPA and Federal Rule of Appellate Procedure 22(b) require a petitioner in a habeas corpus proceeding to obtain a certificate of appealability before an appeal may be taken. See 28 U.S.C. § 2253(c). A certificate of appealability may only be issued to a petitioner when he or she has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). "A 'substantial' showing requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" Hicks v. Johnson, 186 F.3d 634, 636 (5th Cir. 1999) (citing Drinkard v. Johnson, 97 F.3d 751, 755 (5th Cir. 1996)). See also Slack v. McDaniel, 120 S.Ct. 1595, 1603 (2000). The Court finds that it was in error when it previously granted a certificate of appealability. Upon a full *de novo* review of the record, it finds that there is no substantial issue that merits appellate review.

DONE at Brownsville, Texas, this 20th day of October 2000.

Hilda G. Tagle
United States District Judge

4